IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-738-BO

| | |
|---|---|
| RALEIGH OFFSET, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAROLD MCNAMARA, *individually and* )<br>*doing business as* RECYCLE MATERIALS )<br>MANAGEMENT, )<br>Defendants. ) | O R D E R |

This matter is before the Court on Defendant's Motion to Dismiss [DE 10]. Plaintiff responded on April 17, 2012 [DE 12], Defendant did not reply, and the matter is now ripe for adjudication. Because Defendant's Motion does not address the legal sufficiency of Plaintiff's complaint, it is DENIED WITHOUT PREJUDICE.

## BACKGROUND

As alleged in the complaint, Plaintiff claims that its company, Raleigh Offset, was incorporated on March 29, 2000. On May 5, 2000, the original shareholders of the company entered into a Shareholder Agreement, imposing certain restrictions on themselves, Raleigh Offset, and the shares of common stock in Raleigh Offset. On June 4, 2002, one of the original shareholders of Raleigh Offset, Michael Marello, transferred some of his shares to Defendant Harold McNamara. This new group of shareholders entered into an Amended and Restated Shareholder Agreement to record the transfers of stock. At approximately the same time, Defendant Harold McNamara was named an officer and director of the company. On January 22, 2011, Leonard Worzella, another officer and director of the company, died intestate. His 560 shares of Raleigh Offset stock thus passed to his three children via a Stock Transfer Agreement.

As of the date of his death, Leonard Worzella was the only authorized signatory on the Raleigh Offset business bank accounts.

Plaintiff claims that on February 9, 2011, in the aftermath of Worzella's death, Defendant Harold McNamara visited RBC Bank in Raleigh for the purpose of having himself added as a signatory to the Raleigh Offset business bank accounts. Plaintiff alleges that Defendant McNamara falsely represented to bank employees that he became the sole shareholder, officer, and director of Raleigh Offset as a result of Worzella's death. An RBC employee added Defendant McNamara as a signatory to the Raleigh Offset business bank accounts. While in Raleigh, Plaintiff claims that Defendant McNamara converted over $95,000.00 in Raleigh Offset funds to himself and his company, Recycle Materials Management, for his own personal use and consumption.

On December 20, 2011, Plaintiff Raleigh Offset filed a complaint against Defendants, alleging claims of breach of fiduciary duty, conversion, unfair and deceptive trade practices, unjust enrichment, and punitive damages. Plaintiff also seeks a constructive trust and action for an accounting.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

On April 2, 2012, Defendant McNamara filed a pro se motion to dismiss, arguing that he was, in fact, the only remaining officer of Raleigh Offset after the death of Leonard Worzella. He

also argues that he followed the proper process to have himself added to the checking account. Finally, he asserts that checks to the company Recycle Materials Management were for services rendered during 2010 and that payments made to himself were made to cover expenses.

Defendant McNamara's assertions constitute factual denials of the assertions made by Plaintiff in its complaint. However, "[i]n ruling on a 12(b)(6) motion, a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, — F.3d —, No. 11-1659, 2012 WL 2402616, at *3 (4th Cir. Jun. 27, 2012) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). In other words, although Defendant McNamara's factual denials may become relevant at a later stage of litigation, they are insufficient to challenge the legal sufficiency of Plaintiff's complaint at this stage, and the motion to dismiss must therefore be denied. *See, e.g., Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) ( noting that Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses").

## CONCLUSION

For the foregoing reasons, Defendant McNamara's Motion to Dismiss [DE 10] is DENIED WITHOUT PREJUDICE.

SO ORDERED. This __1__ day of July, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE