IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-738-BO

| | |
|---|---|
| RALEIGH OFFSET, INC., )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>HAROLD MCNAMARA, *individually and* )<br>*doing business as* RECYCLE MATERIALS )<br>MANAGEMENT, )<br>         Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's motion for attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1. Defendant has not responded to the motion. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

In granting summary judgment for plaintiff in this action, the Court found that defendant withdrew a total of $95,670.69 from Raleigh Offset's business bank account; that he converted such funds to his own personal use and consumption; that the withdrawal, removal, and conversion of such funds was wrongful, unlawful, and without authorization; that Raleigh Offset is entitled to recover from defendant personally the funds unlawfully removed; that his actions affected commerce under N.C. Gen. Stat. § 751.1 *et seq.*; that they constituted unfair and or deceptive trade practices under North Carolina law; and that defendant was unjustly enriched by his actions.

Plaintiff now seeks attorneys's fees under North Carolina's Unfair and Deceptive Trade Practices Act (NC UDTPA), which provides that a court may, in its discretion, award reasonable attorneys' fees to the prevailing party in an unfair and deceptive trade practice suit. N.C. Gen.

Stat. § 75-16.1 Attorneys fees may only be awarded upon a finding that "(1) the party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit." *Id.*

## DISCUSSION

I. *Prevailing Party*

Plaintiff satisfies the first criteria for an award of attorneys' fees. "[I]n order to be the 'prevailing party' within the meaning of G.S. 75-16.1, [the plaintiff] must prove not only a violation of G.S. 75-1.1 by the defendant, but also that plaintiff has suffered actual injury as a result of that violation." *Mayton v. Hiatt's Used Cars, Inc.*, 45 N.C. App. 26, 212 (1980). Here, the Court found that plaintiff has not only established that defendant violated the NC UDTPA, but that plaintiff was entitled to damages for defendant's actions. As a violation of the NC UDTPA has been shown and plaintiff has suffered actual injury, plaintiff is the prevailing party in this action. *Id.* (finding plaintiff had suffered no actual injury where jury returned verdict on liability in plaintiff's favor but failed to award any damages).

II. *Willful Engagement*

The Court next finds that defendant willfully engaged in the acts at issue. "Willfulness . . . involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." *Forte v. Forte*, 65 N.C. App. 615, 616 (1983). In order to substitute himself as signatory to plaintiff's business accounts, defendant traveled from Arizona to Raleigh and misrepresented to RBC bank that defendant was now the sole shareholder, officer, and director in light of his partner's death. Defendant was added to the bank account as a signatory and proceeded to withdraw over $95,000 for his own use. Such actions evince a bad faith

2

disregard for authority and the law, and plaintiff has thus satisfied the second criteria to be considered in awarding attorneys' fees.

III. *Unwarranted Refusal to Resolve*

Defendant has failed to participate in a meaningful way in this action, and specifically has failed to engage in any discovery with plaintiff. As the Court has already noted, defendant failed to timely respond to plaintiff's requests for admission nor did defendant seek an extension of time to respond or object to any of the requests. Such actions, or failures to act, constitute an unwarranted refusal to fully resolve the matter. *Envirosafe Paints, Inc. v. Conklin*, 172 N.C. App. 591, *3 (2005) (unpublished). Plaintiff has accordingly satisfied all three criteria and is entitled to attorneys' fees.

IV. *Fee Amount*

Though it has found that plaintiff is entitled to attorneys' fees under the NC UDTPA, the Court must still satisfy itself that an award of attorneys' fees is appropriate. *Willen*, 174 N.C. App. at 721. Plaintiff seeks $41,946.25 in attorneys' fees and $4,414.29 in costs. According to the billing records submitted, the appropriate attorney fee amount is $39,155.00, representing 118.5 hours billed at the rate of $315.00 per hour,[1] 4.75 hours billed at the rate of $295.00 per hour, 2.75 hours of paralegal work billed at $115.00 per hour, and 1 hour of paralegal work billed at $110.00 per hour. The costs as detailed in the billing records submitted total $2,488.04.

Having reviewed the billing records closely, the Court finds that the number of hours expended and the rates of compensation for counsel with this level of experience are reasonable.

---

[1] Counsel's affidavit states that 132.75 hours was billed at $305.00 per hour, but a review of the billing records submitted reveals the above number of hours and rate.

3

Accordingly, the Court, in its discretion, awards plaintiff $39,155.00 attorneys' fees and costs in the amount of $2,488.04.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees [DE 26] is GRANTED. Plaintiff is awarded $39,155.00 in attorneys' fees and costs in the amount of $2,488.04.

SO ORDERED. This 24 day of May, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4